**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GRETA JOHNSON,

    Plaintiff,

vs.

AMERICAN RED CROSS, JANE DOE, R.N., and LAURA DOE, L.P.N.,

    Defendants.

Civil Action No.

Honorable

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Jill M. Wheaton (P49921) |
| Arnold J. Matusz (P33203) | K. J. Miller (P62014) |
| **FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C.** | **DYKEMA GOSSETT PLLC** |
| | Attorneys for Defendants |
| 19390 West Ten Mile Road | 2723 South State Street, Suite 400 |
| Southfield MI 48075 | Ann Arbor, MI 48104 |
| (248) 355-5555 | (734) 214-7660 |

---

**NOTICE OF REMOVAL**

---

To:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Defendant, The American Red Cross (the "Red Cross"), by its counsel, Dykema Gossett PLLC, petitions this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 for removal of the claims pending against it as Case No. 08-095946 NH in the Circuit Court for the County of Oakland, State of Michigan to this Court. In support of this removal, the Red Cross states as follows:

    1.    An action was commenced against the Red Cross and its employees, identified only as "Jane Doe, R.N. and Laura Doe, L.PN., who were involved with the care and treatment of Plaintiff, GRETA JOHNSON, on or about August 26, 2006", in the Circuit Court for the

County of Oakland, State of Michigan on or about November 10, 2008. The case is entitled *Greta Johnson, Plaintiff v. The American Red Cross, Jane Doe, R.N. and Laura Doe, L.PN., who were involved with the care and treatment of Plaintiff, GRETA JOHNSON, on or about August 26, 2006, Defendants*, Case No. 08-095946-NH.

2. The Red Cross was served with the Summons and Complaint on or about November 12, 2008 via certified mail.

3. Defendants Jane Doe and Laura Doe have not been served with the Summons and Complaint.

4. Only those defendants properly joined and served must join timely and concur in the removal notice pursuant to 28 U.S.C. § 1446. *See Mehney-Egan v. Mendoza,* 124 F.Supp.2d 467, 472 (E.D.Mich. 2000); *see also Broom v. TRW Credit Data*, 732 F.Supp. 66, 69 (E.D.Mich. 1990) ("The remaining two defendants, Janice Perkins and John Doe, have yet to be served, and therefore their joinder in the petition is not relevant.").

5. Moreover, several courts have held that the Red Cross, by virtue of its independent party-based jurisdictional grant, is the only party with a substantive right to remove the matter to federal court. Therefore, the Red Cross is not required to gain the consent of its co-defendants in its petition for removal. *See, e.g.*, *Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d (D.Conn. 1998); *Parisi v. Rochester Cardiothoracic Assocs.*, 1992 WL 470521, (W.D.N.Y. 1992); *Roe v. Little Company of Mary Hospital*, 815 F.Supp. 241 (N.D.Ill. 1992).

6. Furthermore, both Jane Doe and Laura Doe are being sued only in their capacity as Red Cross employees. Because of their status as employees, it is anticipated that the Red Cross will provide a defense for both co-defendants.

7. A copy of the Summons and Complaint and all pleadings and orders filed in the pending state action, including the docket sheet, are attached to this Notice of Removal as Exhibit A. No other proceedings have been had or pleadings filed or orders entered.

8. This Notice of Removal is filed within thirty (30) days after service upon the first defendant of the initial pleading setting forth the claim for relief, as required by 28 U.S.C. § 1446(b).

9. Federal subject matter jurisdiction is conferred upon the Red Cross by 36 U.S.C. § 2, a provision of the Red Cross's federal charter that grants it "the power to sue and be sued in courts of law and equity, state or federal, within the jurisdiction of the United States," and it is, therefore, entitled to remove this action under 28 U.S.C. § 1441. In *American National Red Cross v. S.G. and A.E.*, 505 U.S. 247, 120 L. Ed. 2d 201, 207, 112 S. Ct. 2465 (1992), the Supreme Court held that the Red Cross's charter confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the Red Cross is thereby authorized to remove from state to federal court any state-law action it is defending.

10. The Red Cross desires to remove this action to this Court and submits this Notice, along with the attachments, in accordance with 28 U.S.C. § 1446.

11. This Notice of Removal is being served upon plaintiff's counsel by mail and is being filed with the Clerk of the Circuit Court of Oakland County, State of Michigan, as provided by 28 U.S.C. § 1446(d).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

WHEREFORE, the Red Cross gives notice that the above-described action now pending against it in the Circuit Court of Oakland County State of Michigan, is removed to this Court.

        Respectfully submitted,

        DYKEMA GOSSETT PLLC

        By: /s/ K.J. Miller
        K. J. Miller (P62014)
        Attorneys for Defendants
        2723 South State Street, Suite 400
        Ann Arbor, MI 48104
        (734) 214-7660

Dated:  December 12, 2008

## PROOF OF SERVICE

RACHEL ANGER, being first duly sworn, deposes and states that on December 12, 2008, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the ECF system. I further certify that I have mailed by United States Postal Service a paper copy to the following:

*Geoffrey N. Fieger*
*Arnold J. Matusz*
***FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C.***
*19390 West Ten Mile Road*
*Southfield MI 48075*

        /s/ Rachel Anger
        RACHEL ANGER
        ranger@dykema.com

AA01\222489.1
ID\KJM